UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Pamela Dorosh-Walther and
Deanna Dorosh,

      Plaintiffs,

v.

Minnesota Department of Human Services
Commissioner; Jodi Harpstead; Anoka
County; Anthony Palumbo; Bryan Frantz;
Lisa Broos Jones; Nancy Norman Sommers;
ABC Payee, Inc.; James Munoz; Sandy
Munoz; Brenda Schurhamer; Kari Schuster;
Jesse Perron; Thomas Allen Inc.;
Presbyterian Family Foundation; Paul
Jeddeloh; Catherine Johnson; Shirley Olson;
Julie Blank; Jason Gertken; Jesse Griffin;
Bolt, Hoffer, Boyd; Lutheran Social
Services; Robin Tomney; Patrick Theuson;
Kimberly Watson; Cassandra Jahnke;
Volunteers of America (VOA); Everyday
Living; Riverside Montage Inc.; Bonnie
Rask; Cynthia MacDonald, *Minnesota
Department of Human Services Assistant
Commissioner and Medicaid*; Douglas
Johnson; Stearns County; Sherburne
County; Kathleen Heaney; Julie Manworren;
Shani Christopher; and Janell Kendall,

      Defendants.

      File No. 23-cv-1144 (ECT/LIB)

**OPINION AND ORDER**

---

Pamela Dorosh-Walther and Deanna Dorosh, Pro Se.

Aaron Winter and Brian Card, Minnesota Attorney General's Office, for Defendants
Minnesota Department of Human Services Commissioner, Jodi Harpstead, and Cynthia
MacDonald.

Jason J. Stover and Robert I. Yount, Anoka County Attorney's Office, for Defendants Anoka County, Anthony Palumbo, Bryan Frantz, Lisa Broos Jones, and Nancy Norman Sommers.

Barbara P. Berens, Berens & Miller, PA, Minneapolis, MN, for Defendants ABC Payee, Inc., and James Munoz.

James Francis Christoffel, Christoffel & Elliott, P.A., St. Paul, MN, for Defendants Brenda Schurhamer, Kari Schuster, Jesse Perron, and Thomas Allen Inc.

Elisa M. Hatlevig, Jardine Logan & O'Brien PLLP, Lake Elmo, MN, and Trevor S. Johnson, Lake Elmo, MN, for Defendants Presbyterian Family Foundation, Catherine Johnson, Shirley Olson, Julie Blank, and Jason Gertken.

Barry A. O'Neil and Nathan Zellmer Heffernan, Lommen Abdo, P.A., Minneapolis, MN, for Defendant Paul Jeddeloh.

Jesse R. Griffin, Charles H. Johnson & Associates, New Brighton, MN, for Defendants Jesse Griffin and Bolt, Hoffer, Boyd.

Brandon J. Wheeler and Ryan A. Olson, Felhaber, Larson, Fenlon & Vogt, PA, Minneapolis, MN, for Defendants Lutheran Social Service, Robin Tomney, Patrick Theuson, Kimberly Watson, and Cassandra Jahnke.

Lauren Hoglund and William L. Davidson, Lind Jensen Sullivan & Peterson, P.A., for Defendants Volunteers of America (VOA) and Julie Manworren.

Bonnie Rask, Pro Se.

Jessica E. Schwie, Kennedy & Graven, Chartered, Minneapolis, MN, for Defendants Stearns County and Janell Kendall.

James R. Andreen and Samantha R. Alsadi, Erstad & Riemer, P.A., Minneapolis, MN, for Defendants Sherburne County and Kathleen Heaney.

Shani Christopher, Pro Se.

_____

*Pro se* sibling Plaintiffs Daniel Dorosh, Pamela Dorosh-Walther, and Deanna Dorosh, brought 32 counts against 41 Defendants—state entities, long-term-care facilities, attorneys, guardians, and related individuals—alleging misconduct relating to

Daniel's guardianship.  Daniel was dismissed *sua sponte*, and the parties were directed to identify which claims survived his dismissal.  ECF No. 272.  Having reviewed the parties' memoranda, counts 1, 2, 5–9, 11–23, 26, 27, and 29–31 of the Amended Complaint will be dismissed because they are solely Daniel's claims.

The nine pending motions to dismiss, ECF Nos. 59, 71, 88, 95, 103, 120, 164, 207, 223, and one pending motion for judgment on the pleadings, ECF No. 157, will be addressed collectively as applied to the remaining seven counts: 3, 4, 10, 24, 25, 28, and 32.  In counts 3, 4, and 10, Plaintiffs Deanna and Pamela seek to vacate the allegedly unconstitutional state-court guardianship.  These claims will be dismissed primarily because they are barred by the *Rooker-Feldman* doctrine.  There may be one exception. Plaintiffs allege the state district court granted the successor guardianship petition after the guardianship proceedings were removed to federal court.  This claim may not be barred by *Rooker-Feldman*.  However, Anoka County appears to be the only appropriate Defendant to this claim, and Plaintiffs waived their claims against Anoka County by failing to file a response brief.  Moreover, the 234-page 1,113-paragraph Amended Complaint would be alternatively dismissed for violating Rule 8(a)(2).  For similar reasons, counts 3, 4, and 10 will be dismissed *sua sponte* against the remaining six Defendants who have not filed pending motions to dismiss.  Counts 10, 24, 25, and 28 are state-law claims that will be dismissed for lack of supplemental jurisdiction.  The Amended Complaint will be dismissed without prejudice.

I[1]

An October 26, 2023 order dismissed Daniel from this case, finding Deanna was representing Daniel in violation of 28 U.S.C. § 1654.  ECF No. 272 at 7.  Pamela was ordered to file an affidavit or declaration confirming that she represents herself in this action.  *Id.* at 8.  Because she filed such a declaration, ECF No. 287-2 ¶ 3, Pamela will not be dismissed under 28 U.S.C. § 1654.  All parties were ordered to file memoranda identifying which claims survived Daniel's dismissal.  ECF No. 272 at 8.  Plaintiffs contend "all of the claims in the Amended Complaint survive for all Plaintiffs for the reasons provided in the Amended Complaint."  ECF No. 287 at 2.  Defendants disagree which claims survive.  *See* ECF Nos. 277, 280–86, 288–89.  Having carefully reviewed the memoranda and Amended Complaint, the following 25 counts refer only to violations of Daniel's rights and will therefore be dismissed:

- Count 1 is a § 1983 civil-rights claim.  Am. Compl. [ECF No. 8] ¶¶ 544–58.  Plaintiffs allege Defendants deprived Daniel of his constitutional rights.  *Id.* ¶ 553.

- Count 2 is a common-law negligence claim.  *Id.* ¶¶ 559–64.  Plaintiffs allege Defendants breached a duty of care owed to Daniel.  *Id.* ¶¶ 560–61.

- Count 5 is a claim under the First Amendment of the United States Constitution.  *Id.* ¶¶ 808–28.  Plaintiffs allege Defendants "violated [Daniel's] right to free speech expression and his right to express and participate in his religious beliefs."  *Id.* ¶ 813. [2]

---

[1]   The facts are described in detail in a previous order.  ECF No. 247.  This order presumes familiarity with those facts.

[2]   In a single paragraph, Plaintiffs also allege Defendants violated Deanna's First Amendment rights by making false accusations against her.  *Id.* ¶ 811.  To start, the First Amendment does not protect citizens against false government speech.  *Cf. Pleasant Grove City, Utah v. Summum*, 555 U.S. 460, 467 (2009) ("The Free Speech Clause

- Count 6 is claim under the Fourth Amendment of the United States Constitution. *Id.* ¶¶ 829–34. Plaintiffs allege "the procedures of taking [Daniel] and forcing lockups were aversive, cruel, and unusual punishment." *Id.* ¶ 832.

- Count 7 is a claim under the "Minnesota 36-hour and 48-hour rules." *Id.* ¶¶ 835–45. Plaintiffs allege Daniel was wrongfully incarcerated in violation of these rules. *Id.* ¶¶ 836, 843.

- Count 8 is a due process claim under the Fourteenth Amendment of the United States Constitution. *Id.* ¶¶ 846–52. Plaintiffs allege Defendants prevented Daniel from attending court, filing motions, or otherwise participating in the guardianship proceedings. *Id.* ¶¶ 850–51.

- Count 9 is a due process claim. *Id.* ¶¶ 853–59. Plaintiffs allege Defendants failed to serve Daniel the original petition for guardianship and that the state court failed to consider Daniel's objections to the guardianship proceedings. *Id.* ¶ 857.

- Count 11 is a civil-rights conspiracy claim under 42 U.S.C. §§ 1985–86. *Id.* ¶¶ 873–80. Plaintiffs allege Defendants worked in concert to deprive Daniel of his constitutional rights. *Id.* ¶ 875.

- Count 12 is a claim under the Health Care Bill of Rights, Minn. Stat. § 144.651. *Id.* ¶¶ 881–90. Plaintiffs allege Defendants forcibly used psychotropic drugs on Daniel without his consent. *Id.* ¶ 887.

- Count 13 is a claim under Minn. Stat. § 144.651, subdiv. 1, Minn. Stat. § 626.5572, subdiv. 15, and the Americans with Disabilities Act (the "ADA"). *Id.* ¶¶ 891–906. Plaintiffs allege Defendants maltreated Daniel, violating his "patient rights." *Id.* ¶¶ 893, 906.

- Count 14 is a claim under the Eighth and Fourteenth Amendments of the United States Constitution. *Id.* ¶¶ 907–18. Plaintiffs allege Defendants unlawfully restrained and abused Daniel. *Id.* ¶¶ 914–17.

- Count 15 is a claim under 42 C.F.R. § 483.12 and Minn. Stat. § 626.557, subdiv. 411. *Id.* ¶¶ 919–25. Plaintiffs allege Defendants abused Daniel and failed to comply with their mandatory reporting obligations. *Id.* ¶¶ 920–24.

---

restricts government regulation of private speech; it does not regulate government speech."). Deanna's claim would perhaps best be categorized as defamation, a state common-law tort claim. If so, Deanna's claim would be dismissed for lack of supplemental jurisdiction. Regardless, single paragraphs nominally constituting separate claims against multiple Defendants exemplifies why the Amended Complaint violates Rule 8(a)(2).

- Count 16 is a claim under the Social Security Act. *Id.* ¶¶ 926–34. Plaintiffs allege Defendants violated the Social Security Act by failing to let Daniel live in the most integrated setting. *Id.* ¶¶ 929–33.

- Count 17 is a claim under 42 U.S.C. § 1369(n). *Id.* ¶¶ 935–39. Plaintiffs seem to allege Defendants failed to honor Daniel's "patient rights to healthcare as described herein." *Id.* ¶ 939.

- Count 18 is a claim under the Fourth Amendment of the United States Constitution and 42 C.F.R. § 440.180. *Id.* ¶¶ 940–50. Plaintiffs allege Defendants violated Daniel's right to home- and community-based care. *Id.* ¶¶ 941–42.

- Count 19 is a claim under the Minnesota Olmstead Plan, a plan originating from a class action lawsuit. *Id.* ¶¶ 951–67. The Olmstead Plan is designed to ensure that people with disabilities experience lives of inclusion, integrated with their communities. *Id.* Plaintiffs allege Defendants "denied [Daniel] access to safe and viable alternatives to the most inclusive environment of remaining in his private home." *Id.* ¶ 966.

- Count 20 is an ADA claim. *Id.* ¶¶ 968–85. Plaintiffs allege "Defendants have discriminated against [Daniel] on the basis of his disability." *Id.* ¶ 974.

- Count 21 is a Rehabilitation Act claim. *Id.* ¶¶ 986–90. Plaintiffs allege Daniel "has been unfairly discriminated against in his participation in multiple federal programs." *Id.* ¶ 989.

- Count 22 is a claim under Minn. Stat. § 245D.04, a services recipient right statute. *Id.* ¶¶ 991–97. Plaintiffs allege "Defendants knowingly and willingly engaged in conduct detrimental to [Daniel's] rights under Minn. Statute §245D.04." *Id.* ¶ 992.

- Count 23 is another claim under the Social Security Act. *Id.* ¶¶ 998–1015. Plaintiffs allege Defendants "defrauded [Daniel] out of significant social security funds," *id.* ¶ 1009, and denied his right to the representative payee of his choice, *id.* ¶ 1005.[3]

---

[3]     In another single-paragraph claim, Plaintiffs allege that a Defendant "stole funds which justifiably belonged to Deanna as compensation for use of her own funds to cover all of [Daniel's] living and care expenses." *Id.* ¶ 1009. It is impossible to make heads or tails of this claim. There is no hint it arises under the Social Security Act—the regulations Plaintiffs identify, 20 C.F.R. §§ 416.618, 416.620–.621, relate to selecting a representative payee. The word "stole" suggests it could be a tort claim such as conversion, but the phrase "justifiably belonged" indicates some type of equitable claim

- Count 26 is a claim under federal regulations, a Minnesota statute, and Minnesota rules relating to home- and community-based services. *Id.* ¶¶ 1036–47. Plaintiffs allege Defendants denied Daniel "his civil rights," *id.* ¶ 1038, denied Daniel "his choices for services and programs," *id.*, failed to recognize Daniel's appeal rights, *id.* ¶ 1043, deprived Daniel of due process, *id.* ¶ 1044, and isolated Daniel, *id.* ¶ 1045.

- Count 27 is a claim under Minnesota's guardianship statute, Minn. Stat. §§ 524.301–.317, as amended in 2020. *Id.* ¶ 1048–64. Plaintiffs allege Defendants violated the amended guardianship statute by failing to explore less restrictive alternatives. *Id.* ¶ 1055.[4]

- Count 29 is a claim under Minn. R. §§ 9555.5105–.6265, rules regulating adult foster care services and the licensure of adult foster homes. *Id.* ¶¶ 1083–93. Plaintiffs only contend Daniel has been damaged by the alleged statutory violations. *See id.* ¶ 1093.

- Count 30 is another claim under the Rehabilitation Act. *Id.* ¶¶ 1094–99. Plaintiffs allege Defendants "denied [Daniel] access to safe and viable alternatives to guardianship." *Id.* ¶ 1098.

- Claim 31 is a claim under the Fair Housing Act. *Id.* ¶¶ 1100–07. Plaintiffs allege Daniel "has been unlawfully denied his right to choice of housing." *Id.* ¶ 1103.

Deanna and Pamela appear to bring, at least in part, the following seven counts:

- Count 3 is a request for declaratory judgment that the successor guardianship is unconstitutional. *Id.* ¶¶ 565–632. Plaintiffs allege Defendants violated Plaintiffs' due process rights by failing to serve the successor guardianship petition, *id.* ¶ 600, excluding "Interested Parties" from the hearing, *id.*, and ignoring the "Removal to Federal Court," *id.* ¶ 620.

- Count 4 is a request for declaratory judgment that the original guardianship was unconstitutional. *Id.* ¶¶ 633–807. Plaintiffs allege defects in the initial

---

such as quantum meruit. Regardless, it would not be appropriate to speculate further as to what claim Deanna might be trying to bring in a single paragraph of Plaintiffs' 1,113-paragraph Amended Complaint.

[4]    Perhaps Deanna and Pamela are pursuing this claim as interested parties in the guardianship proceeding. It makes no difference. This claim would be barred by *Rooker-Feldman* and alternatively would be dismissed for lack of supplemental jurisdiction.

guardianship petition process, including Defendants' failure to serve the guardianship petition and the state district court's failure to consider Deanna's objections to the guardianship petition. *Id.* ¶¶ 771–72.

- Count 10 is another due process claim. *Id.* ¶¶ 860–72. Plaintiffs allege Defendants defrauded the state district court by misrepresenting "material fact[s]" during the guardianship proceeding. *Id.* ¶ 869.

- Count 24 is a claim under Minn. Stat. § 626.557, subdiv. 6. *Id.* ¶¶ 1016–26. Plaintiffs allege Defendants filed false maltreatment reports against Deanna. *Id.* ¶¶ 1019, 1022.

- Count 25 is a claim under Minn. Stat. § 256.092, subdiv. 5 and 7. *Id.* ¶¶ 1027–35. Plaintiffs allege Defendants "violated Plaintiff's rights by refusing to hear a Reconsideration or an appeal." *Id.* ¶ 1031. This claim seems to relate to "maltreatment determinations" against Deanna. *See id.* ¶¶ 710, 715, 717, 1032, 1034.

- Count 28 is a common-law claim of conversion and a statutory claim under Minn. Stat. § 604.14, Minnesota's civil liability for theft statute. *Id.* ¶¶ 1065–82. Plaintiffs allege Defendants stole $6,500.00 from Deanna's credit card and stole several valuable electronic devices. *Id.* ¶¶ 1069, 1073.

- Count 32 is a common-law claim for intentional infliction of emotional distress. *Id.* ¶¶ 1108–13. Plaintiffs allege "Defendants made a concerted effort to obtain the unlawful guardianship of [Daniel]." *Id.* ¶ 1111. It is reasonable to construe this claim as Deanna and Pamela alleging Defendants inflicted emotional distress against them.

Although counts 3, 4, 10, 24, 25, 28, and 32 survive Daniel's dismissal, these seven remaining counts will be dismissed for reasons raised in Defendants' motions to dismiss.

II

Both the jurisdictional and merits aspects of Defendants' motions to dismiss are evaluated under the Rule 12(b)(6) standard. Defendants rely only on the complaint and materials in the public record, making theirs a "facial" challenge to subject-matter jurisdiction. *Branson Label, Inc. v. City of Branson*, 793 F.3d 910, 914 (8th Cir. 2015). In analyzing a facial challenge, a court "restricts itself to the face of the pleadings, and

the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiffs' favor. *Gorog v. Best Buy Co.*, *Inc.*, 760 F.3d 787, 792 (8th Cir. 2014) (citation omitted). Although the factual allegations need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A Rule 12(c) motion for judgment on the pleadings is assessed under the same standard as a Rule 12(b)(6) motion. *Ashley Cnty. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009).

Plaintiffs' *pro se* pleadings are entitled to liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). *Pro se* complaints, "however inartfully pleaded," are held "to less stringent standards than formal pleadings drafted by lawyers." *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir.

2014) (quoting *Erickson*, 551 U.S. at 94).  "[I]f the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone*, 364 F.3d at 914).  Still, even under this liberal standard, a *pro se* complaint must contain sufficient facts in support of the claims it advances.  *Stone*, 364 F.3d at 914.

A

The *Rooker-Feldman* doctrine mostly bars counts 3, 4, and 10 of the Amended Complaint.  The *Rooker-Feldman* doctrine prevents a losing party in state court from calling upon a federal district court "to overturn an injurious state-court judgment."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291–92 (2005).  As was discussed in greater detail in a previous order, the *Rooker-Feldman* doctrine bars Plaintiffs' claims seeking to overturn the guardianship.  *See* ECF No. 247 at 17–21.  The central thrust of counts 3, 4, and 10 is a request to vacate the state-court guardianship.  *See* Am. Compl. ¶ 632 ("Plaintiffs request that this Court enter a declaratory judgment declaring the successor guardianship action unconstitutional."); *id.* ¶ 807 ("Accordingly, this Court should declare the underlying Guardianship of Daniel Dorosh unconstitutional in its entirety.").  *Rooker-Feldman* prohibits a federal district court from reviewing and reversing an "unconstitutional" state-court decision.

Plaintiffs counter that the *Rooker-Feldman* doctrine does not apply when a state court issues a judgment without jurisdiction because such a judgment is "*[v]oid ab*

*initio*." ECF No. 229 at 35–36.[5]  Plaintiffs allege a laundry list of defects with the guardianship proceeding, contending the state district court lacked jurisdiction to grant the original and successor guardianship petitions. *See, e.g.*, Am. Compl. ¶ 123 ("The underlying guardianship was: (1) obtained without personal and subject matter jurisdiction of Anoka; (2) obtained without the Anoka District Court required Physician's Report Requesting Guardianship[;] and (3) initiated without due process as [Daniel] was never served the legally required Notice."); *id.* ¶ 124 ("[T]he Petition for Guardianship was a Fraud Upon the Court."); *id.* ¶ 131 ("[T]he actions of Minnesota DHS and Anoka were taken against [Daniel's] legal status, without any due process of law."); *id.* ¶ 134 ("Anoka further lacked jurisdiction to initiate the Guardianship Action based on another federal class [action] case.").  According to Plaintiffs, these alleged defects make the original guardianship and successor guardianship void from the beginning.

Even accepting Plaintiffs' factual allegations as true, the legal argument fails. A few circuits have acknowledged a narrow void-from-the-beginning exception to the *Rooker-Feldman* doctrine. *See Lambert v. Blackwell*, 387 F.3d 210, 240 n.25 (3d Cir. 2004) ("[A]n automatic stay obviates the state court's jurisdiction and renders its decision void *ab initio*."); *In re Singleton*, 230 B.R. 533, 538 (B.A.P. 6th Cir. 1999) ("If the state court did not have subject matter jurisdiction over the prior action, its orders would be void ab initio and subject to attack notwithstanding *Rooker/Feldman*.").  However, as the Tenth Circuit explained, "if those circuits apply the exception at all, they appear to do so

---

[5]     Void ab initio is Latin for void from the beginning.  Bryan A. Garner, *A Dictionary of Modern Legal Usage* 919–20 (2d. ed 1995).

only in the bankruptcy context." *Anderson v. Priv. Cap. Grp., Inc.*, 549 F. App'x 715, 717 (10th Cir. 2013); *see also Schmitt v. Schmitt*, 324 F.3d 484, 487 (7th Cir. 2003) ("While a void *ab initio Rooker-Feldman* exception might be appropriate in some bankruptcy cases (apparently the only situation in which it has been applied) in order to protect the dominant federal role in that specialized area of the law, it has no place here."). And the Eighth Circuit has rejected the void-from-the-beginning exception even in the bankruptcy context. *In re Ferren*, 203 F.3d 559, 560 (8th Cir. 2000) (per curiam); *In re Athens/Alpha Gas Corp.*, 463 B.R. 883, 887 (B.A.P. 8th Cir. 2012), *aff'd on other grounds,* 715 F.3d 230 (8th Cir. 2013) (explaining that "the Eighth Circuit Court of Appeals has generally been unwilling to create such exceptions [to *Rooker-Feldman*]"). The Eighth Circuit has similarly rejected a due process exception to *Rooker-Feldman*. *In re Goetzman*, 91 F.3d 1173, 1178 (8th Cir. 1996) ("[N]or is there a procedural due process exception to the [*Rooker-Feldman*] doctrine."); *Snider v. City of Excelsior Springs*, 154 F.3d 809, 812 (8th Cir. 1998) (same). And a court in this District rejected a procured-by-fraud exception. *Ness v. Gurstel Chargo, P.A.*, 933 F. Supp. 2d 1156, 1163 (D. Minn. 2013) (applying *Rooker-Feldman* to a state-court judgment allegedly procured through fraud).

Even if the Eighth Circuit has not foreclosed a void-from-the-beginning or due-process exception to *Rooker-Feldman*, there is no reason to adopt such an exception here. Plaintiffs raised, or could have raised, all of their arguments before the state district court during the guardianship proceedings. *See, e.g.*, ECF No. 100-6 at 2. If the state district court incorrectly decided Plaintiffs' objections or improperly determined its own

12

jurisdiction, the remedy is to appeal, not to collaterally attack the guardianship proceedings in federal court.  As the Seventh Circuit explained, state district courts are "competent to determine their own jurisdictional boundaries, so there is no need for federal courts to intervene.  If a state court had violated constitutional jurisdictional limits, [Plaintiffs] could have brought that up with the Supreme Court after exhausting [their] state court remedies."  *Schmitt*, 324 F.3d at 487.  Nothing in the record suggests that Plaintiffs have appealed any of the adverse state-court decisions.  *See, e.g.*, ECF No. 294 at 15.  To the extent Plaintiffs are dissatisfied with the guardianship, Plaintiffs must appeal the state-court decisions within the state-court system.

There is one possible exception.  As a part of count 3, Plaintiffs allege "the [state district court] Judge ordered the Successor Guardianship in the Guardianship Action in spite of the duly filed Notice of Removal."  Am. Compl. ¶ 580.  After a defendant removes a case to federal court, "the State court shall proceed no further unless and until the case is remanded."  28 U.S.C. § 1446(d); *see also* 14C Charles Allen Wright & Arthur R. Miller, Federal Practice & Procedure, § 3736 (rev. 4th ed.).  A defendant must take three steps to "effect the removal" of a case to federal court.  28 U.S.C. § 1446(d).  First, file the notice of removal.  28 U.S.C. § 1446(a), (d).  Second, give written notice of the removal to all adverse parties.  28 U.S.C. § 1446(d).  Third, file a copy of the notice of removal with the clerk of the state court.  *Id.*  Once those three steps are complete, the automatic stay strips a state court of jurisdiction.  *See Ward v. Resolution Tr. Corp.*, 972 F.2d 196, 198 (8th Cir. 1992) ("After removal, only the federal district court could restore jurisdiction to the state courts.").  State-court proceedings violating the automatic stay are

void. *Id.*; *Brown v. Kerkhoff*, 462 F. Supp. 2d 976, 980 (S.D. Iowa 2006); 14C Charles Allen Wright & Arthur R. Miller, Federal Practice & Procedure, § 3736 (rev. 4th ed.). State-court proceedings are void even when removal is improper, and the case is later remanded. *See Federal Nat'l Mortg. Ass'n v. Milasinovich*, 161 F. Supp. 3d 981, 1006 (D.N.M. 2016) (vacating state-court proceedings despite finding the removal frivolous); *see also Rossello-Gonzalez v. Calderon-Serra*, 398 F.3d 1, 8 n.23 (1st Cir. 2004); *In re Diet Drugs*, 282 F.3d 220, 231 n.6 (3d Cir. 2002); 14C Charles Allen Wright & Arthur R. Miller, Federal Practice & Procedure, § 3736 (rev. 4th ed.). Courts vacate post-removal state-court proceedings notwithstanding the *Rooker-Feldman* doctrine. *Cf. Holmes v. AC & S, Inc.*, 388 F. Supp. 2d 663, 674–75 (E.D. Va. 2004).

Plaintiffs plausibly allege that they completed the three steps to remove the guardianship proceeding to federal court, stripping the state district court of jurisdiction. Plaintiffs allege "[b]efore the State Court's August 2, 2022, hearing within the Guardianship Action, [Daniel] had adequately filed his Notice of Removal under Case No. 22-cv-1906," Am. Compl. ¶ 573, "[t]he Clerk of Anoka County State Court had received a written Notice of Removal before the Successor Guardianship Hearing for August 2, 2022," *id.* ¶ 576, and "email copies of the Notice of Removal were sent to the other parties since an out-of-metro party would not receive the mail copy until August 2, 2022," *id.* ¶ 577.[6] *Rooker-Feldman* may not bar this Court from vacating the state court's judgment if it was issued in violation of 28 U.S.C. § 1446(d).

---

[6]    Assuming, without deciding, that an email with an attached notice of removal satisfies the written notice requirement of 28 U.S.C. § 1446(d).

Count 3 will nonetheless be dismissed for two reasons.  First, the only appropriate Defendant for count 3 is Anoka County, the petitioner in the guardianship proceedings. *See* ECF No. 100-1.  But Plaintiffs failed to respond to Anoka County's motion for judgment on the pleadings, ECF No. 159, thus waiving their claims against Anoka County.  *Doe v. Mayorkas*, No. 22-cv-00752 (ECT/DTS), 2022 WL 4450272, at *2 (D. Minn. Sept. 23, 2022) (citing *Espey v. Nationstar Mortg., LLC*, No. 13-cv-2979 (ADM/JSM), 2014 WL 2818657, at *11 (D. Minn. June 19, 2014) (collecting cases)).  Second, the 234-page 1,113-paragraph Amended Complaint violates Federal Rule of Civil Procedure 8(a)(2), as was explained in a previous order.  *See* ECF No. 247 at 14–16.  Count 3 alone is 67 paragraphs long.  And Daniel's dismissal doesn't solve the Rule 8 problem.  Given the focus of the Amended Complaint on Daniel's rights, the Amended Complaint does little to notify Defendants which claims Deanna and Pamela bring against them.  Therefore, the Amended Complaint would be alternatively dismissed for violating Rule 8.

B

Counts 3, 4, and 10 will be dismissed against the remaining Defendants—ABC Payee, Inc., James Munoz, Sandy Munoz, Riverside Montage Inc., Bonnie Rask, and Shani Christopher—*sua sponte*.[7]  "[A] district court sua sponte may dismiss a complaint

---

[7]    Defendants ABC Payee, Inc., James Munoz, and Sandy Munoz did not move to dismiss.  *See* ECF No. 67.  Defendants Riverside Montage Inc., Bonnie Rask, and Shani Christopher are not represented.  *See* ECF No. 26.  Their *pro se* motion to dismiss was denied because it violated the Local Rules and because a corporation like Riverside Montage is not allowed to appear *pro se*.  *Id.*

under Rule 12(b)(6) as long as the dismissal does not precede service of process." *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991); *see also Mountain Home Flight Serv., Inc. v. Baxter Cnty.*, 758 F.3d 1038, 1043 (8th Cir. 2014) (affirming dismissal of a claim *sua sponte*). Moreover, *Rooker-Feldman* is a jurisdictional doctrine that may be raised *sua sponte*. *Johnson v. City of Shorewood*, 360 F.3d 810, 880 (8th Cir. 2004). As was previously explained, counts 3, 4, and 10 are mostly barred by the *Rooker-Feldman* doctrine. Moreover, these six Defendants are not appropriate defendants for Plaintiffs' claims seeking to declare the guardianship unconstitutional because none of them were parties to the guardianship proceedings.[8] Nor do Plaintiffs allege these six Defendants misrepresented any material facts to the state district court during the guardianship proceedings. *See* Am. Compl. ¶¶ 860–72. Alternatively, for reasons already explained, the Amended Complaint would be dismissed *sua sponte* for violating Rule 8(a)(2). *See Olson v. Little*, 978 F.2d 1264 (8th Cir. 1992) (unpublished table decision) (affirming *sua sponte* dismissal for violating Rule 8).

## C

As for Plaintiffs' four remaining state-law claims, a district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Courts may

---

[8]   Defendant ABC Payee, Inc., is a non-profit organization that became the representative payee for Daniel's Social Security benefits. Am. Compl. ¶¶ 20, 1001–1003. Defendants James and Sandy Munoz own and operate ABC Payee. *Id.* ¶ 21. Defendant Riverside Montage Inc. is a long-term care facility where Daniel was placed in 2019. *Id.* ¶¶ 45, 473. Defendant Bonnie Rask owns and operates Riverside Montage. *Id.* ¶ 45. Defendant Shani Christopher is Bonnie Rask's daughter. *Id.* ¶ 475.

decline to exercise supplemental jurisdiction *sua sponte*.  *Ramlet v. E.F. Johnson Co.*, 464 F. Supp. 2d 854, 864 (D. Minn. 2006), *aff'd,* 507 F.3d 1149 (8th Cir. 2007).  "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."  *Barstad v. Murray Cnty.*, 420 F.3d 880, 888 (8th Cir. 2005) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (internal quotations omitted)).  And the Eighth Circuit has instructed district courts not to exercise supplemental jurisdiction over state-law claims when, as here, all federal claims are dismissed well before trial.  *See Hervey v. Cnty. of Koochiching*, 527 F.3d 711, 726–27 (8th Cir. 2008). There is no reason to deviate from this general rule here, where the case is in its earliest stages and all that remains are state-law claims.

**ORDER**

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT:**

1.    Defendants Janell Kendall and Stearns County's Motion to Dismiss [ECF No. 59] is **GRANTED**;

2.    Defendants Minnesota Department of Human Services, Jodi Harpstead, and Cynthia MacDonald's Motion to Dismiss [ECF No. 71] is **GRANTED**;

3.    Defendants Volunteers of America and Julie Manworren's Motion to Dismiss [ECF No. 88] is **GRANTED**;

17

4.      Defendants Lutheran Social Service of Minnesota, Patrick Thueson, Cassandra Jahnke, Robin Tomney, and Kimberly Watson's Motion to Dismiss [ECF No. 95] is **GRANTED**;

5.      Defendants Jesse Griffin and Bolt, Hoffer Boyd's Motion to Dismiss [ECF No. 103] is **GRANTED**;

6.      Defendants Thomas Allen, Inc., Brenda Schurhamer, Kari Schuster and Jesse Perron's Motion to Dismiss [ECF No. 120] is **GRANTED**;

7.      Defendants Anoka County, Anthony Palumbo, Bryan Frantz, Lisa Broos Jones, Nancy Norman Sommers, and Brad Johnson's Motion for Judgment on the Pleadings [ECF No. 157] is **GRANTED**;

8.      Defendants Jodi Harpstead and Cynthia MacDonald's Motion to Dismiss [ECF No. 164] is **GRANTED**;[9]

9.      Defendants Presbyterian Family Foundation, Catherine Johnson, Shirley Olson, Julie Blank, and Jason Gertken's Motion to Dismiss [ECF No. 207] is **GRANTED**;

10.     Defendants Sherburne County and Kathleen Heaney's Motion to Dismiss [ECF No. 223] is **GRANTED**;

11.     Defendants ABC Payee, Inc., James Munoz, Sandy Munoz, Riverside Montage Inc., Bonnie Rask, and Shani Christopher are **DISMISSED** *sua sponte*;

---

[9]      Jodi Harpstead and Cynthia MacDonald moved to dismiss separately in their individual capacities.  ECF No. 164 at 1 n.1.

12.     The Amended Complaint [ECF No. 8] is **DISMISSED WITHOUT PREJUDICE**; and

13.     The action is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:  December 6, 2023                              s/ Eric C. Tostrud
                                                     Eric C. Tostrud
                                                     United States District Court

19